**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
LAW OFFICES OF DANIEL SNYDER
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PENDLETON DIVISION

| | |
|---|---|
| **CHRISTY RUNNING**, as personal representative of the estate of EDWARD DUNGAN, | Case No. 2:23-cv-913 |
| Plaintiff, | **COMPLAINT** |
| v. | **42 U.S.C. § 1983** |
| **STATE OF OREGON; SARAH WALKER, RN; C. COLE, RN; B. GARRETT, RN; LT. STEPHEN TROTT;  SGT. BRANDON MARVIN;** and **DOES 1-10,** | **Oregon Tort Claims Act Wrongful Death** |
| | Jury Trial Demanded |
| Defendants. | |

## NATURE OF ACTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and ORS 30.265 by

Christy Running. Christy Running is the appointed personal representative of the estate of

PAGE 1 – COMPLAINT

Edward Dungan. On or about September 17, 2022, Eddie ingested balloons of drugs that were brought to him by a female visiting him at the Oregon State Penitentiary. Eddie overdosed and almost died from the incident. Despite knowing this, the State of Oregon allowed the female to continue to visit Eddie and bring him more drugs. On or about January 6, 2023, the State of Oregon allowed the same female to bring Eddie drugs at Two Rivers Correctional Institution. Eddie ingested several balloons of the drugs. Instead of properly monitoring Eddie and providing appropriate medical care, staff neglected his needs, sat idly by while he defecated the drugs from his body, and laughed while he re-ingested the balloons multiple times until it foreseeably resulted in his death. The acts and omissions of Defendants were negligent and violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. As a result of Defendants' acts and omissions, Plaintiffs suffered economic and noneconomic damages. Plaintiffs are entitled to damages and an award of attorney's fees and costs.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's claims of violation of federal constitutional rights pursuant to 28 U.S.C. §§ 1331(a) and 1343 because the causes of action arise under 42 U.S.C. § 1983. This Court has jurisdiction over Plaintiff's supplemental state law claims under 28 U.S.C. § 1367.

3. Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the District of Oregon and because Defendants are subject to personal jurisdiction in the District of Oregon.

## TORT CLAIM NOTICE

4. Prior to the institution of this action, Plaintiffs provided notice of this claim to all necessary parties pursuant to ORS 30.275.

## PARTIES

5. Edward Paul Dungan (Eddie) died intestate. Plaintiff Christy Running is the duly appointed personal representative of the Estate of Edward Paul Dungan. At the time of his death, Eddie was an inmate at Two Rivers Correctional Institution (TRCI).

6. The Oregon Department of Corrections (ODOC) is a state agency of Defendant State of Oregon. At all times material, Defendant was acting by and through ODOC and its employees. The ODOC operates TRCI and the Oregon State Penitentiary (OSP).

7. Defendant B. Garrett, RN was an employee of the State of Oregon and worked at TRCI, acting under color of state law. Defendant is sued in his or her individual capacity.

8. Defendant C. Cole, RN was an employee of the State of Oregon and worked at TRCI, acting under color of state law. Defendant is sued in his or her individual capacity.

9. Defendant Sarah Walker, RN was an employee of the State of Oregon and worked at TRCI, acting under color of state law. Defendant is sued in his or her individual capacity.

10. Defendant Lt. Stephen Trott was an employee of the State of Oregon and worked at TRCI, acting under color of state law. Defendant is sued in his or her individual capacity.

11. Defendant Sgt. Brandon Marvin was an employee of the State of Oregon and worked at TRCI, acting under color of state law. Defendant is sued in his or her individual capacity.

12. Defendants Does 1-10 were employees of the State of Oregon and worked at TRCI, acting under color of state law. Defendants are sued in their individual capacity. Plaintiff has requested information to determine the identity of these defendants through public records

requests but, to date, no information has been provided. Plaintiff will amend the complaint once the identity of the additional defendants is discovered.

## GENERAL ALLEGATIONS

13. On or about September 17, 2022, while housed at OSP, Eddie was given balloons of drugs, which he swallowed, by a female visitor.

14. On September 17, 2022, Eddie overdosed on those drugs and was taken to the emergency room at Salem Health Hospital & Clinics.

15. On October 27, 2022, Eddie was transferred from OSP to TRCI.

16. As a result of the incident on September 17, 2022, and per ODOC policies and procedures, Eddie should not have been allowed visitors or, at a minimum, future visitations with the female that provided him drugs on September 17, 2022. Additionally, the female should have been banned from visiting Eddie or, at a minimum, thoroughly searched prior to entry to assure no drugs or other prohibited items were in her possession. Defendant State of Oregon failed to take appropriate steps to prevent the female from providing Eddie drugs knowing it was likely she would do so and that it would cause Eddie harm, including the possibility of death.

17. On January 5 or 6, 2023, Eddie had a visitation with the same female that provided him drugs at OSP on September 17, 2022. TRCI staff allowed the female to visit Eddie knowing she would likely provide him with drugs, observed her giving Eddie drugs, and observed him swallowing the drugs. Despite knowing of the likeliness that she would bring drugs to give to Eddie, ODOC took no actions to prevent it.

18. Despite knowing that Eddie consumed narcotics on January 5 or 6, defendants failed to take appropriate action to determine what drugs he ingested, monitor him, provide him

PAGE 4 – COMPLAINT

appropriate medical care, and take other actions to prevent his death.

19. On January 5 or 6, 2023, Eddie was initially transferred to the infirmary but after a short period of time he was transferred to the Disciplinary Segregation Unit (DSU). While in DSU, Eddie was placed in a dry cell. A dry cell is a cell without running water and a toilet that cannot be flushed.

20. On January 6, 2023, defendant Capt. Stephen Trott called medical and spoke to defendant B. Garrett, RN. Medical was notified of the intake and that it was likely that Eddie swallowed balloons of drugs. Medical was also informed of the former visit that occurred in September 2022 and that shortly thereafter Eddie overdosed on fentanyl and it took two Narcan to reverse the effects. Defendant Trott was the captain in charge at the time and was responsible for Eddie's safety, welfare, and assuring he received proper medical care. He failed to do so. Defendant Garrett was also responsible for providing proper medical care but failed to do so.

21. Upon receiving this notification, TRCI was required to review Eddie's health care record, conduct a face-to-face encounter, and document the review in Eddie's health care record.

22. On January 6, 2023, at 2200 hours, defendant C. Cole, RN conducted a medical screening. Defendant Cole was responsible for providing proper medical care but failed to do so.

23. On January 6, 2023, at 2010 hours, an ODOC Health Referral Outside Agency form was completed authorizing Eddie to be taken to the emergency department at Good Shepherd Medical Center in Hermiston. Despite knowing Eddie required monitoring and treatment that could not be provided at TRCI, Defendants Trott, Garrett, and Cole failed to have Eddie transported to Good Shepherd Medical Center.

24. Eddie was not monitored as required by ODOC policies and procedures during the next several days and was not provided with any medical care. No medical attention or monitoring was provided by medical staff until January 8, 2023, at approximately 1945 hours. At that time, Eddie was shaking and was clearly experiencing the effects of intoxication from the narcotics he consumed. Regardless, defendant Sarah Walker failed to provide any medical care despite knowing that it was needed to avoid serious harm and potential death. Additionally, defendant Sgt. Brandon Marvin failed to call an EMS or have Eddie transported to the hospital despite knowing he was overdosing on drugs.

25. At 2000 hours, man down was called. Defendant S. Walker responded. At 2002 hours CPR was initiated. At 2005 hours a first dose of Narcan was administered, a second dose at 2006 hours, third at 2009 hours, a fourth at 2012 hours, and a fifth at 2014 hours. EMS arrived at 2024. Eddie's time of death was 2052 hours.

26. Defendant Sgt. Marvin was monitoring Eddie at the time of his death. Despite the obvious need for medical care, defendant Marvin decided to take no action and allowed Eddie to overdose on narcotics, which ultimately resulted in his death.

27. While incarcerated, Eddie was unable to access any medical care on his own. Eddie had no choice about what medical providers he saw, and all treatment had to first be approved by the State of Oregon.

28. Defendant State of Oregon, as the primary health care provider to inmates in the custody of the ODOC, had a duty to ensure that Eddie was able to access adequate medical care. Defendant State of Oregon is vicariously liable for the negligence of its employees and agents.

29. Defendant State of Oregon owes inmates a higher standard of care because of the nature of incarceration. Defendant State of Oregon manages all aspects of inmates' health care and

decides when a request for a medical appointment or treatment should be granted. Non-incarcerated people have the opportunity to seek appropriate treatment as needed. In contrast, as an incarcerated person, inmates are at the mercy of defendant State of Oregon's willingness to provide treatment, even when obvious and urgent. Defendant State of Oregon voluntarily took the custody of its inmates under circumstances such as to deprive inmates of normal opportunities for protection, and created a non-delegable duty to ensure that inmates are able to access adequate medical care while incarcerated.

30. Defendant State of Oregon has refused Plaintiff's requests for information to determine the full extent of what happened to Eddie, who was involved, and who is responsible for his death. The allegations contained herein are based on what can be obtained to date and will be amended when appropriate discovery is provided.

31. Defendants Does 1-10 knew Eddie required medical attention and refused to request medical assistance or provide assistance to Eddie knowing their acts or omissions would likely result in serious harm or death. Defendants Does 1-10 failed to properly monitor Eddie, allowed him to defecate and re-ingest the narcotics multiple times and laughed about it instead of providing or obtaining appropriate medical care. Defendants Does 1-10 intentionally allowed Eddie to suffer a horrible death.

32. The Oregon Tort Claims Act notice requirement was satisfied by timely filing this lawsuit.

## FIRST CLAIM FOR RELIEF
### 42 USC 1983 – Eighth Amendment
### Against individual defendants

33. Plaintiff re-alleges all prior relevant paragraphs as if fully set forth herein.

34. The Eighth Amendments impose a duty on jail officials to provide humane conditions of

confinement, including adequate medical and mental health care and protection from harm and threats to an inmate's safety and security.

35. Defendants knew Eddie would suffer serious harm or death if they failed to properly monitor him or provide appropriate medical care.

36. Defendants were deliberately indifferent to Eddie's health, safety, serious medical needs, and other constitutional rights by:

    a.  Allowing the female to provide Eddie with narcotics;

    b.  Ignoring Plaintiff's symptoms;

    c.  Failing to provide adequate medical care to the medical needs of Eddie despite his complaints and observed symptoms;

    d.  In failing to properly test and monitor Eddie's conditions;

    e.  Providing improper treatment;

    f.  Failing to promptly transfer him to a hospital for a diagnosis and treatment;

    g.  Failing to consult adequately (if at all) with medical doctors (inside or outside TRCI) to obtain their advice, counsel, and judgment on how to treat Eddie;

    h.  In failing to refer Eddie to a medical doctor (inside or outside TRCI) having expertise with the consumption of large doses of narcotics; and/or

    i.  Allowing Eddie to defecate and re-ingest the narcotics.

37. As a result of defendants' deliberate indifference, Eddie endured and suffered severe physical and emotional distress and suffered a preventable death. The estate is entitled to economic and noneconomic damages in an amount to be determined at trial.

38. Defendants have shown reckless and callous disregard and indifference to inmates rights and safety and are therefore subject to an award of punitive damages to deter such conduct in

the future.

39. Plaintiff is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

**SECOND CLAIM FOR RELIEF**
**(Negligence – against Defendant State of Oregon)**

40. Plaintiff re-alleges and incorporates all prior relevant paragraphs.

41. The risk of harm to Eddie was foreseeable to the Defendant.

42. Defendant State of Oregon, by and through its employees or agents, including but not limited to employees named as defendants in this Complaint, were negligent in their treatment of Eddie in that they failed to prevent the female from providing Eddie drugs, failed to properly monitor Eddie and prevent him from re-ingesting the drugs, and failed to use the degree of care, skill, and diligence used by ordinarily careful health providers practicing in the same or similar circumstances in the same or similar community.

43. Defendant State of Oregon was negligent by:

    a. Allowing the female to provide Eddie with narcotics;

    b. Ignoring Plaintiff's symptoms;

    c. Failing to provide adequate medical care to the medical needs of Eddie despite his complaints and observed symptoms;

    d. In failing to properly test and monitor Eddie's conditions;

    e. Providing improper treatment;

    f. Failing to promptly transfer him to a hospital for a diagnosis and treatment;

    g. Failing to consult adequately (if at all) with medical doctors (inside or outside TRCI) to obtain their advice, counsel, and judgment on how to treat Eddie;

    h. In failing to refer Eddie to a medical doctor (inside or outside TRCI) having expertise with the consumption of large doses of narcotics; and/or

      i.   Allowing Eddie to defecate and re-ingest the narcotics.

44. As a direct result of the actions and inactions of defendant State of Oregon, Eddie endured and suffered severe physical and emotional distress and suffered a preventable death. The estate is entitled to economic and noneconomic damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

Plaintiff prays that this Court will enter a Judgment against Defendants granting Plaintiff:

A. Economic and noneconomic damages against Defendants in an amount to be determined at trial;

B. Punitive damages against the individual defendants in a sum that is just as determined by a jury;

C. Equitable relief;

D. Plaintiff's costs, expenses, and attorney fees in this suit; and

E. Any additional relief this court deems just, proper, and equitable.

**JURY DEMAND**

Plaintiff demands a trial by Jury.

Dated: June 22, 2023

**Law Offices of Daniel Snyder**

*s/ Carl Post*
_____
Carl Post, OSB No. 06105
carlpost@lawofficeofdanielsnyder.com
John David Burgess, OSB 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249
Attorneys for Plaintiff

PAGE 10 – COMPLAINT